UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
ALEXANDER KALARICKAL,                      :
:
                            Plaintiffs,          :
:
           -against-                      :
:
DENIS MCDONOUGH, Secretary,                :
Department of Veterans Affairs, et al.,    :
:
                            Defendants.         :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/30/2021

20-cv-10249 (VSB)

**ORDER**

VERNON S. BRODERICK, United States District Judge:

      Plaintiff filed this action pro se on December 3, 2020. (Doc. 1.) On February 8, 2021, Plaintiff filed a related action in this Court numbered 21-cv-1043. In that action, on March 25, 2021, the Government filed a letter motion seeking the consolidation of the two related actions, and on April 6, 2021, I endorsed that letter and directed Plaintiff to file any opposition to the request for consolidation. Order, *Kalarickal v. United States*, Case 1:21-cv-01043-VSB (S.D.N.Y. Apr. 6, 2021), Doc. 20. In response to the Government's letter, Plaintiff stated he "ha[d] no objection in consolidating" the actions. Letter at 2, *Kalarickal v. United States*, Case 1:21-cv-01043-VSB (S.D.N.Y. Apr. 6, 2021), Doc. 21.

      Consolidation is a "valuable and important tool of judicial administration." *Consorti v. Armstrong World Indus., Inc.*, 72 F.3d 1003, 1006 (2d Cir. 1995), *vacated on other grounds*, 518 U.S. 1031 (1996). Under Federal Rule of Civil Procedure 42(a), when separate actions before a court involve a common question of law or fact, a court is empowered to "consolidate the actions." Fed. R. Civ. P. 42(a)(2). Essentially, Rule 42 is "invoked to expedite trial and eliminate unnecessary repetition and confusion," *Devlin v. Transp. Commc'n Int'l Union*, 175

F.3d 121, 130 (2d Cir. 1999) (internal quotation marks omitted), and it vests a district court with broad discretion to consolidate actions, even to do so sua sponte, *see id.*  If judicial resources will be conserved thereby advancing judicial economy, a district court will generally consolidate actions.  *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990) ("[C]ourts have taken the view that considerations of judicial economy favor consolidation."); *Bank of Montreal v. Eagle Assocs.*, 117 F.R.D. 530, 532 (S.D.N.Y. 1987) ("Considerations of judicial economy strongly favor simultaneous resolution of all claims growing out of one event." (internal quotation marks omitted)).

Here, consolidation is plainly warranted, as in both actions the Plaintiff asserts the same causes of action arising from the Government's allegedly discriminatory conduct against him.

As such, it is hereby ORDERED that this action and the action numbered 21-cv-1043 are hereby consolidated.  The parties are directed to make any further filings on the docket for this action.  The Clerk of Court is respectfully directed to post a notice on the dockets for each of the actions filed by the Plaintiff making reference to consolidation and to this Order.

In light of consolidation, and given that Plaintiff was granted leave to proceed in this action in forma pauperis, (Doc. 5), the Clerk of Court is respectfully directed to close the open motions on the docket numbered 21-cv-1043 in which Plaintiff seeks in forma pauperis status in that action, as those motions are now moot.

SO ORDERED.

Dated: August 30, 2021
      New York, New York

                                                      Vernon S. Broderick
                                                     United States District Judge