UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
ALEXANDER KALARICKAL,                  :
                                       :
                          Plaintiff,   :
                                       :      20cv10249 (DLC)
              -v-                      :
                                       :
DENIS MCDONOUGH, Secretary, Department :
of Veterans Affairs,                   :
                                       :
                          Defendant.   :
                                       :
-------------------------------------- :
                                       :
ALEXANDER KALARICKAL,                  :
                                       :      21cv1043 (DLC)
                          Plaintiff,   :
                                       :      OPINION AND
              -v-                      :        ORDER
                                       :
UNITED STATES OF AMERICA,              :
                                       :
                          Defendant.   :
                                       :
-------------------------------------- X

APPEARANCES:

For plaintiff:
Alexander Kalarickal pro se

For defendants:
Tara Schwartz
United States Attorney's Office
for the Southern District of New York
86 Chambers Street
New York, NY 10007

DENISE COTE, District Judge:

In these consolidated cases, Alexander Kalarickal, a former contract employee of the United States Department of Veterans Affairs ("VA"), has brought federal and state employment discrimination claims against the VA.  The VA have moved to dismiss in both cases for failure to state a claim, pursuant to Rule 12(b)(6), Fed. R. Civ. P.  For the following reasons, the motions to dismiss are granted in part.

## Background

The following facts are derived from Kalarickal's complaints and other documents properly considered on a motion to dismiss, such as "documents incorporated into the complaint by reference."  Bellin v. Zucker, 6 F.4th 463, 473 (2d Cir. 2021).

I.   Kalarickal's Employment and Discharge

Kalarickal is a man of Indian origin who has an unspecified shoulder disability.  Between 2011 and 2016, he worked as a radiology technician at a VA hospital in Manhattan.  While he worked at the VA hospital, he was never employed by the VA directly: instead, he worked for a series of medical recruitment agencies that contracted with the VA to staff its facilities.

During his tenure with the VA, Kalarickal alleges that he was subjected to "discriminat[ion]" and "harass[ment]."  He

cites a series of incidents in which he was required to work 16 hour shifts without opportunities for meal breaks, including on consecutive Saturdays and Sundays.  He alleges that a fellow VA employee, Eddie De Marco, was obligated to provide coverage for him while he took breaks during lengthy shifts, but that De Marco "refused to do so due to racial discrimination." Kalarickal claims that he reported his objections to his work schedule and De Marco's refusal to cover his breaks to his supervisor, but that his supervisor declined to take action.

In October 2015, the VA published a vacancy announcement for a General Diagnostic Radiologic Technician.  Kalarickal applied to that position but was not selected.  He claims that a "less qualified, less experienced" candidate was selected and that the VA declined to select him for discriminatory reasons. As described below, Kalarickal made this same complaint in a filing with the Equal Employment Opportunity Commission ("EEOC") on January 29, 2016.

On February 23, 2016, Kalarickal was issued an employment performance memorandum by Santo Stumpo, his supervisor.  The memorandum was based on a February 21, 2016 report from a VA nurse, Karen Campaneli, in which she claimed to have observed Kalarickal sleeping in the radiology apartment while on duty, and that a patient's transportation had been delayed because

3

Kalarickal had been sleeping.  A copy of the memorandum was sent to Dr. Patrick Malloy, chief of radiology at the hospital, and to Lori Clericuzio, an account manager at the medical staffing agency that employed Kalarickal.  After receiving the memorandum, Malloy instructed Stumpo to discharge Kalarickal and to inform Kalarickal's staffing agency that Kalarickal could no longer be assigned to the VA.

Kalarickal was notified on March 3, 2016 that his final work day would be March 17, 2016.  On March 13, Kalarickal filed a complaint in which he reported that Damon Russ, a colleague, threw a phone at him and swore at him.  VA police investigated the Russ incident, but closed the investigation because Kalarickal had already been fired.

II.  Procedural History

As noted above, on January 29, 2016, Kalarickal filed an employment discrimination complaint with the EEOC (the "First Complaint"), alleging that the VA had declined to hire him for a radiology technician position or a health aide position on the basis of his age, color, disability, national origin, race, and religion, and for retaliatory reasons.  After he was fired, Kalarickal filed on May 12, 2016 a second EEOC complaint (the "Second Complaint") that addressed his firing.

An EEOC administrative law judge granted summary judgment to the VA on the Second Complaint in a written decision of September 25, 2018 and on the First Complaint in a written decision of October 29, 2018.  Kalarickal was informed of his right to appeal the decision of the administrative law judge to the full EEOC, and he appealed the decision granting summary judgment to the VA on his Second Complaint.  He did not appeal the decision granting summary judgment on the First Complaint, and the EEOC issued him a right to sue letter on December 10, 2018.  In a decision of January 14, 2020, the EEOC affirmed the decision of the administrative law judge granting summary judgment on the Second Complaint.  Kalarickal moved for reconsideration of the January 14, 2020 decision and the motion for reconsideration was denied on June 16, 2020.

Kalarickal, proceeding pro se, then filed an employment discrimination complaint in the United States Court of Federal Claims on July 20, 2020.  The VA moved to transfer Kalarickal's case to this District, and on November 24, 2020, the case was ordered to be transferred.

While the transfer was pending, Kalarickal, again proceeding pro se, filed a separate employment discrimination lawsuit against the VA in this District on December 3, 2020. That case was docketed as 20-cv-10249 and assigned to the

Honorable Vernon Broderick.  On January 28, 2021, the Clerk of Court provided Kalarickal with instructions for pro se litigants, including information on the availability of a free legal assistance clinic.  The materials provided on January 28 also included a "Motions Guide" that incorporated instruction on filing an amended complaint in response to a motion to dismiss.  Pursuant to an Order of January 26, 2021, the case was referred to mediation, and Kalarickal was appointed pro bono counsel to assist with the mediation.

On February 8, 2021, Kalarickal's Court of Federal Claims case was transferred into this District, docketed as 21-cv-1043, and assigned to the Honorable Paul Gardephe.  The VA then moved on March 25 to consolidate the two cases.  Kalarickal did not oppose consolidation, and on August 30, Judge Broderick ordered that the cases be consolidated as 20-cv-10249.

The VA had moved to dismiss both cases on March 29, 2021.  Kalarickal did not amend either of his complaints in response to the VA's motion and instead opposed the motion on June 1.  The motion to dismiss became fully submitted on July 7.  An Order of July 14, 2021 stayed mediation pending the resolution of the VA's motion to dismiss.  On September 9, the cases were transferred from Judge Broderick to this Court.  On October 20, Kalarickal requested leave to amend his complaint.  The proposed

6

amended complaint adds some detail to the complaint's allegations but does not materially change the Rule 12(b)(6) analysis.

## Discussion

Kalarickal has alleged claims for discrimination on the grounds of national origin, color, and age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), hostile work environment in violation of Title VII; retaliation in violation of Title VII; disability discrimination in violation of the Rehabilitation Act,[1] 29 U.S.C. § 794(a); a violation of the Equal Pay Act of 1963, 29 U.S.C. § 206(d) ("EPA"); a violation of the New York State Equal Pay Act, N.Y. Labor Law § 194 ("NYSEPA"); and a violation of the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq. ("NYSHRL").

---

[1] Kalarickal pleads this claim as one for disability discrimination in violation of Title VII.  That statute does not prohibit discrimination on the basis of disability: it creates a cause of action only for discrimination on the basis of "race, color, religion, sex, or national origin."  42 U.S.C. § 2000-e-2(a)(1).  But since Kalarickal is a pro se litigant, his submissions "must be construed liberally and interpreted to raise the strongest arguments that they suggest."  Meadows v. United Servs., Inc., 963 F.3d 240, 243 (2d Cir. 2020) (citation omitted).  The Court therefore construes his purported Title VII disability discrimination claim as a claim under the Rehabilitation Act, which is the sole means by which an employment discrimination plaintiff may assert a disability discrimination claim against a federal agency.  Rivera v. Heyman, 157 F.3d 101, 103 (2d Cir. 1998).

The VA has moved to dismiss Kalarickal's complaints in their entirety.

In evaluating a motion to dismiss for failure to state a claim, a court must decide "whether the complaint's allegations, taken as true and afforded all reasonable inferences, state a plausible claim for relief." Henry v. Cty. of Nassau, 6 F.4th 324, 331 (2d Cir. 2021). In other words, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This requirement means that a complaint must contain more than "naked assertions devoid of further factual enhancement." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, a court is not "bound to accept as true a legal conclusion couched as a factual allegation." Id.

Kalarickal is proceeding pro se, and his submissions "must be construed liberally and interpreted to raise the strongest arguments that they suggest." Meadows, 963 F.3d at 243 (citation omitted). "Nonetheless, a pro se complaint must state

a plausible claim for relief." <u>Darby v. Greenman</u>, 14 F.4th 124, 128 (2d Cir. 2021).

I.   Title VII Discrimination

Under Title VII, an employer may not "refuse to hire or . . . discharge any individual" or otherwise "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment . . . because of such individual's . . . race, color, religion, . . . or national origin."  42 U.S.C. § 2000e-2(a)(1).  In order to adequately plead an employment discrimination claim under Title VII, "a plaintiff must plausibly allege that (1) the employer took adverse action against him and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." <u>Vega v. Hempstead Union Free Sch. Dist.</u>, 801 F.3d 72, 86 (2d Cir. 2015).  Specifically, the "motivating factor" element requires the plaintiff to plead "facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination," taking into account "the totality of the relevant facts." <u>Id</u>. at 87-88.

Kalarickal alleges a series of adverse actions taken against him by the VA.  These include allowing his colleague De Marco to shirk his obligation to cover Kalarickal's shift to

allow Kalarickal to take a meal break, failing to hire him as a radiology technician, and firing Kalarickal based on a false allegation that he had fallen asleep at work.  Even assuming that all of these acts qualify as adverse employment actions by the VA, Kalarickal's Title VII claim fails because he has not alleged any facts tending to show that these adverse actions were taken against him because he has a protected characteristic.  He only asserts in conclusory terms that these actions were discriminatory.

Kalarickal "does not plead direct evidence of . . . discrimination," such as comments by supervisors or colleagues tending to suggest that they acted with discriminatory animus. Farsetta v. Dep't of Veterans Affs., No. 16cv6124 (DLC), 2017 WL 3669561, at *6 (S.D.N.Y. Aug. 24, 2017).  "Nor does he identify comparators who were similarly situated in all material respects (except, of course, for any one of his protected characteristics) and treated more favorably." Id.  He does not, for instance, identify similarly situated individuals who were not fired after being accused of falling asleep at work.

Kalarickal's complaint regarding the VA's failure to hire him as a radiology technician also fails because he does not assert that he was qualified for the position.  As a document attached to his complaint indicates, to qualify for appointment

10

as a Diagnostic Radiologic Technologist at the VA, a candidate
must have advanced certification in Computed Tomography ("CT")
from the American Registry of Radiologic Technology ("ARRT").
While Kalarickal claims that he had the requisite experience for
the position, he does not allege that he had the necessary
advanced CT certification from the ARRT: indeed, while he
attaches an ARRT certificate to his complaint, that ARRT
certificate covers only radiography, and not advanced CT.
Therefore, his Title VII claim stemming from the VA's failure to
hire him must be dismissed.

II.  Title VII Hostile Work Environment

     "A hostile work environment claim requires a plaintiff to
show that his or her workplace was so severely permeated with
discriminatory intimidation, ridicule, and insult that the terms
and conditions of his or her employment were thereby altered."
Agosto v. New York City Dep't of Educ., 982 F.3d 86, 101 (2d
Cir. 2020) (citation omitted).  In order to prove a hostile work
environment claim, a plaintiff must demonstrate that she was
subjected to conduct that "(1) is objectively severe or
pervasive -- that is, creates an environment that a reasonable
person would find hostile or abusive; (2) creates an environment
that the plaintiff subjectively perceives as hostile or abusive;
and (3) creates such an environment because of the plaintiff's"

protected characteristic.  Patane v. Clark, 508 F.3d 106, 113
(2d Cir. 2007) (citation omitted).  The plaintiff must also show
that a "specific basis exists for imputing the conduct that
created the hostile environment to the employer." Agosto, 982
F.3d at 102 (citation omitted).  To survive a motion to dismiss,
a plaintiff must "provide in the complaint a short and plain
statement of the claim that shows that plaintiffs are entitled
to relief and that gives the defendant fair notice of
plaintiffs' claim for hostile work environment and the grounds
upon which that claim rests." Kassner v. 2nd Ave. Delicatessen
Inc., 496 F.3d 229, 241 (2d Cir. 2007).

Kalarickal pleads four separate bases for his hostile work
environment claim: "harassment" by De Marco, Russ, and
Campaneli, and assignment to a burdensome work schedule by the
VA.  The claims related to his work schedule fail.
"[C]omplaints about work assignments are not generally
sufficient to state a hostile work environment claim," Farsetta,
2017 WL 3669561, at *7.  And even if such complaints could serve
as a basis for a hostile work environment claim, Kalarickal has
not alleged facts connecting his burdensome work assignments to
discrimination due to one of his protected characteristics.

Similarly, Kalarickal's allegations related to De Marco do
not state a hostile work environment claim.  He alleges in

12

conclusory fashion that De Marco failed to cover his breaks because of "racial discrimination."  But he does not allege any specific facts tending to show that De Marco was, in fact, motivated by racial discrimination.  He does not, for instance, allege that De Marco made disparaging remarks about Kalarickal's race.

His claims related to the conduct of Russ and Campaneli also fail.  These claims each stem from a single isolated incident -- the February 21, 2016 report by Campaneli and the March 13, 2016 incident in which Russ threw a phone and swore at Kalarickal.  Generally, to give rise to a hostile work environment claim, the incidents complained of "must be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive."  Agosto, 982 F.3d at 102 (citation omitted).  "A single incident may qualify, but to do so it must be extraordinarily severe."  Id.  The Campaneli and Russ incidents were neither continuous nor sufficiently severe as to give rise to a hostile work environment claim.  See Agosto, 982 F.3d 103 (holding that even minor physical contact does not meet the "extraordinarily severe" standard for single-incident hostile work environment claims).

III. Retaliation

Kalarickal alleges that the VA violated Title VII by retaliating against him for exercising his rights under the statute.  Title VII prescribes that it "shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because [the employee] has opposed any practice made an unlawful employment practice by [Title VII]." 42 U.S.C. § 2000e-3(a).  To state a claim for a violation of this anti-retaliation provision, "the plaintiff must plausibly allege that: (1) defendants discriminated -- or took an adverse employment action -- against him, (2) because he has opposed any unlawful employment practice."  Vega, 801 F.3d at 90 (citation omitted).  The latter element requires a showing that the "protected activity was a but-for cause of the alleged adverse action by the employer."  Univ. of Texas Sw. Med. Ctr. v. Nassar, 570 U.S. 338, 362 (2013).  This causation requirement may be pleaded either "directly, by pleading allegations of 'retaliatory animus directed against the plaintiff by the defendant,'" Brightman v. Physician Affliate Grp. of New York, P.C., No. 20cv4290 (DLC), 2021 WL 1999466, at *8 (S.D.N.Y. May 19, 2021) (quoting Littlejohn v. City of New York, 795 F.3d 297, 319 (2d Cir. 2015)), or "indirectly by timing" by alleging

14

"protected activity followed closely in time by adverse employment action," id. (quoting Vega, 801 F.3d at 90).

As a basis for his retaliation claim, he alleges that the VA fired him and took other, unspecified adverse employment actions against him because he filed two EEOC complaints regarding the VA's conduct towards him.  As an initial matter, his bare assertion that the VA took adverse actions against him other than firing him is insufficient to state a retaliation claim without more detail as to the nature of those adverse actions.  To the extent that his retaliation claim is based on the Second Complaint, it fails because Kalarickal did not file the Second Complaint until after he had already been fired.

Kalarickal does, however, state a claim for retaliation stemming from his discharge shortly after he filed the First Complaint.  He alleges that he filed the First Complaint on January 17, 2016, and that only a few weeks later, he was fired because of a false allegation of workplace misconduct.  At this stage, his assertion that protected activity was followed closely in time by adverse employment action is sufficient to survive a motion to dismiss.

IV.  Disability Discrimination

The plaintiff alleges that the VA violated the Rehabilitation Act[2] by failing to accommodate his disability, a shoulder injury, and discriminating against him by declining to hire him for a General Diagnostic Radiologic Technician position because of his disability.  But Kalarickal has failed to state a claim under either theory.

To state a claim for failure to accommodate a disability in violation of the Rehabilitation Act, Kalarickal must allege that

> (1) [he] is a person with a disability under the meaning of the statute in question; (2) an employer covered by the statute had notice of his disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations.

Costabile v. New York City Health & Hosps. Corp., 951 F.3d 77, 81 (2d Cir. 2020) (citation omitted).  In order to state a claim for employment discrimination under the Rehabilitation Act, "a plaintiff must adequately plead that he was [subject to an adverse action] because of a qualifying disability."  Smith v. Hogan, 794 F.3d 249, 253 (2d Cir. 2015).

---

[2] As noted above, Kalarickal styles his disability discrimination claim as a claim under Title VII, but the Court construes it as a claim under the Rehabilitation Act.

16

Kalarickal's disability discrimination claim fails because he has not adequately alleged that he has a qualifying disability.  Under the Rehabilitation Act, a plaintiff must allege that he "suffers from a physical or mental impairment," that the physical or mental impairment limits the plaintiff's ability to participate in a "major life activity", and that the "impairment substantially limits the major life activity previously identified."  Weixel v. Board of Educ. of City of New York, 287 F.3d 138, 147 (2d Cir. 2002) (citation omitted). "Factors to consider in determining whether a major life activity is substantially limited include: the nature and severity of the impairment; its duration or expected duration; and the existence of any actual or expected permanent or long term impact."  Capobianco v. City of New York, 422 F.3d 47, 57 (2d Cir. 2005).

While Kalarickal's complaint includes a conclusory allegation that he has a "shoulder disability", he does not allege facts tending to show that his shoulder disability limits his ability to participate in a major life activity.  He does not allege, for instance, that his shoulder disability limited him in fulfilling the normal duties of a radiology technician. Nor does he allege any facts regarding the severity of impairment resulting from the shoulder disability, its expected

duration, or expected permanent impact, as required to demonstrate that his shoulder disability substantially limits a major life activity.

Moreover, even if it is assumed that Kalarickal has adequately alleged that he suffered from a qualifying disability, he does not allege that this disability had any relationship to his claimed adverse employment outcomes.  While he alleges that he brought his shoulder disability to the attention of his supervisors and that the VA failed to accommodate his disability, he does not allege that this shoulder disability limited his ability to perform the functions of his job, that a reasonable accommodation could have allowed him to perform his job, that he requested a specific accommodation, and that the accommodation was refused.  Nor does he allege any facts tending to show that the VA failed to hire him for the General Diagnostic Radiologic Technician position because of his disability: he does not, for instance, claim that he was subject to discriminatory animus based on his disability by anyone involved with the hiring process, or that an otherwise similarly situated non-disabled person was ultimately hired for the position.  And finally, as noted above, documents attached to his complaint indicate he lacked the required qualifications for the position.

V.    Equal Pay Act

Kalarickal's claims under the EPA fail because the EPA prohibits only differential pay "on the basis of sex" among employees "for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions," when pay is not made pursuant to a seniority or merit system.  29 U.S.C. 206(d)(1).  Even if it is assumed that he has alleged a pay differential between himself and other employees who perform equal work under similar conditions, his failure to allege that the VA "pa[id] different wages to employees of the opposite sex" bars his claim.  See E.E.O.C. v. Port Auth. of New York & New Jersey, 768 F.3d 247, 254 (2d Cir. 2014) (citation omitted).

VI.  State Law Claims

Finally, Kalarickal's state law claims under the NYSHRL and NYSEPA must be dismissed because federal law presents the exclusive remedy for federal employees alleging employment discrimination.  See Briones v. Runyon, 101 F.3d 287, 290 (2d Cir. 1996) ("Title VII is the exclusive remedy for discrimination by the federal government on the basis of race, religion, sex, or national origin."); Rivera, 157 F.3d at 103 ("As a federal employee . . . [the plaintiff's] sole claim for

discrimination on the basis of disability is under the
Rehabilitation Act, if anywhere.").

## Conclusion

The VA's motion to dismiss is largely granted, except with
respect to Kalarickal's Title VII retaliation claim arising from
the First Complaint and Kalarickal's subsequent firing.  A
scheduling order for further proceedings to resolve the
remaining claim accompanies this Opinion.

Dated:     New York, New York
           November 3, 2021


                              _____
                              DENISE COTE
                        United States District Judge