```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
ALEXANDER KALARICKAL,                  :
                                       :
                         Plaintiff,    :
                                       :
            -v-                        :
                                       :        20cv10249 (DLC)
DENIS MCDONOUGH, Secretary, Department :
of Veterans Affairs,                   :
                                       :
                         Defendant.    :
                                       :
-------------------------------------- :
                                       :
ALEXANDER KALARICKAL,                  :
                                       :
                         Plaintiff,    :
                                       :        21cv1043 (DLC)
            -v-                        :
                                       :        OPINION AND
UNITED STATES OF AMERICA,              :           ORDER
                                       :
                         Defendant.    :
                                       :
-------------------------------------- X
```

APPEARANCES:

For plaintiff:
Alexander Kalarickal pro se

For defendant:
Tara Schwartz
United States Attorney's Office for the Southern District of New York
86 Chambers Street
New York, NY 10007

DENISE COTE, District Judge:

In these consolidated cases, pro se plaintiff Alexander
Kalarickal, a former contract employee of the United States
Department of Veterans Affairs ("VA"), has sued the VA for
terminating his employment in retaliation for his filing of an
Equal Employment Opportunity ("EEO") complaint.  The parties
have submitted cross-motions for summary judgment on the
plaintiff's claim.  For the following reasons, the plaintiff's
motion is denied and the defendant's motion is granted.

## Background

The following facts are taken from the parties'
submissions, and are undisputed unless otherwise noted.  Between
2011 and 2016, Kalarickal worked as a contract employee in
radiology department of the Manhattan Campus (the "VA Hospital")
of the VA's New York Harbor Healthcare System ("NYHHS").
Kalarickal's usual schedule consisted of 16-hour shifts on
Saturday and Sunday, as well as an 8-hour shift during the week.
Kalarickal identifies as Indian, and claims to have a disability
affecting his left shoulder.

In October of 2015, the NYHHS announced vacancies in
several positions.  Kalarickal applied for two positions, but
was informed in December of 2015 that he had not been hired.
Kalarickal then spoke with an EEO counselor at the VA's Office
of Resource Management ("ORM") regarding his application,

2

alleging that he was denied the positions due to unlawful discrimination.  The counselor was unable to resolve Kalarickal's complaint.  On January 27, 2016, Kalarickal filed a formal EEO complaint with the ORM, alleging that, by failing to select him for the positions for which he had applied, the VA had denied him a reasonable accommodation, retaliated against him, and discriminated against him on the bases of age, color, disability, national origin, race, and religion.

On February 21, 2016, Karen Campanali, a registered nurse at the VA hospital, reported to her supervisor Eleni Parissis that she had seen Kalarickal sleeping at his desk when she went to pick up a wheelchair-bound patient from the radiology department.  On February 23, Santo Stumpo, Kalarickal's direct supervisor, informed Kalarickal that he had been reported for sleeping at work.  Kalarickal responded by email, denying the allegation.

The VA hospital then solicited reports from Campanali and Kalarickal regarding the incident.  Dr. Patrick Malloy, who was responsible for the radiology department's administrative functions, reviewed the reports, and spoke to Stumpo about the issue.  Stumpo told Dr. Molloy that he had heard that Kalarickal had been found sleeping on the job on multiple occasions, in addition to the incident described in the report.  Dr. Molloy

therefore requested that Kalarickal's assignment to the VA hospital be terminated.

On March 3, 2016, Stumpo notified Kalarickal that his assignment to the VA hospital would end in two weeks. Kalarickal responded, requesting a letter of reference to help him secure other employment.  Stumpo drafted a letter in which he stated that Kalarickal's position with the VA hospital had been terminated due to "budget cuts."

On January 29, 2016, Kalarickal filed an employment discrimination complaint (the "First Complaint") with the Equal Opportunity Employment Commission ("EEOC"), alleging that the VA had declined to hire him for a radiology technician position or a health aide position on the basis of his age, color, disability, national origin, race, and religion, and for retaliatory reasons.  After he was fired, Kalarickal filed on May 12, 2016 a second EEOC complaint (the "Second Complaint") that addressed his firing.  EEOC administrative law judges granted summary judgment to the VA on both complaints. Kalarickal then appealed the decision on the Second Complaint to the full EEOC, which affirmed the administrative law judge. Finally, Kalarickal moved for reconsideration of the EEOC's decision on appeal, and his motion for reconsideration was denied.

Kalarickal, proceeding pro se, then filed an employment
discrimination complaint in the United States Court of Federal
Claims on July 20, 2020.  The VA moved to transfer Kalarickal's
case to this District, and the case was transferred on February
8, 2021.  While the transfer was pending, Kalarickal, again
proceeding pro se, filed a separate employment discrimination
lawsuit against the VA in this District on December 3, 2020.
Kalarickal brought claims of unlawful discrimination, the
creation of a hostile work environment, disability
discrimination, violation of the Equal Pay Act, violation of the
New York State Equal Pay Act, violation of the New York State
Human Rights Law, and retaliation in violation of Title VII.
Both cases were assigned to the Honorable Vernon S. Broderick.
The actions were consolidated on August 30, 2021, and were
reassigned to this Court on September 9.

The VA moved to dismiss the consolidated actions on March
29, 2021.  On November 3, the motion was largely granted, and
each of Kalarickal's claims was dismissed except for his Title
VII retaliation claim.  Kalarickal v. McDonough, Nos. 20CV10249,
21CV01043, 2021 WL 5112907, at *6 (S.D.N.Y. Nov. 3, 2021).

On May 6, 2022, the parties submitted cross motions for
summary judgment on Kalarickal's remaining retaliation claim.[1]

---

[1] Pursuant to Local Civil Rule 56.2, the defendant served with
its motion the required Notice to Pro Se Litigant who Opposes a

The motions were opposed on May 27, and became fully submitted on June 10.

## Discussion

Summary judgment may only be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "To present a genuine issue of material fact sufficient to defeat a motion for summary judgment, the record must contain contradictory evidence such that a reasonable jury could return a verdict for the nonmoving party." Horror Inc. v. Miller, 15 F.4th 232, 241 (2d Cir. 2021) (citation omitted).  Material facts are those facts that "might affect the outcome of the suit under the governing law."  Choi v. Tower Rsch. Cap. LLC, 2 F.4th 10, 16 (2d Cir. 2021) (citation omitted).  In considering a motion for summary judgment, a court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant."  Kee v. City of New York, 12 F.4th 150, 158 (2d Cir. 2021) (citation omitted).

"A court is ordinarily obligated to afford special solicitude to pro se litigants, particularly where motions for summary judgment are concerned."  Harris v. Miller, 818 F.3d 49,

---

Motion for Summary Judgment, as well as a copy of Fed. R. Civ. P. 56.

57 (2d Cir. 2016) (citation omitted).  A court must therefore "liberally construe" the submissions of pro se litigants, "reading such submissions to raise the strongest arguments they suggest."  Id. at 56.

Title VII makes it unlawful for an employer "to discriminate against any of his [or her] employees because he [or she] has opposed any practice made an unlawful employment practice by other provisions of Title VII."  Lenzi v. Systemax, Inc., 944 F.3d 97, 112 (2d Cir. 2019) (citation omitted). Retaliation claims are analyzed according to the same burden-shifting approach applicable to other discrimination claims under McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Zann Kwan v. Andalex Grp. LLC, 737 F.3d 834, 843 (2d Cir. 2013).

To make out a prima facie retaliation case, the plaintiff "must show that (1) he was engaged in protected activity, (2) the employer was aware of that activity, (3) the employee suffered a materially adverse action, and (4) there was a causal connection between the protected activity and that adverse action."  Agosto v. New York City Dep't of Educ., 982 F.3d 86, 104 (2d Cir. 2020) (citation omitted).  Once the plaintiff has established a prima facie case, "the burden shifts to the employer to articulate some legitimate, non-retaliatory reason

for the employment action." Zann Kwan, 737 F.3d at 845.  If the
defendant does so, the plaintiff must then show that this "non-
retaliatory reason is a mere pretext for retaliation." Id.  The
plaintiff has the burden to show that the retaliatory motive
"was a but-for cause of the adverse action and not simply a
substantial or motivating factor." Id. (citation omitted); see
also Ya-Chen Chen v. City Univ. of N.Y., 805 F.3d 59, 70 (2d
Cir. 2015).

    A.   Prime Facie Case of Retaliation

    Kalarickal has provided sufficient evidence to make out a
prima facie case of retaliation.  The defendant does not dispute
that Kalarickal engaged in protected activity by seeking EEO
counseling and filing an EEO complaint, nor does it dispute that
the VA was aware of this activity.  Additionally, Kalarickal
undisputedly suffered one of the clearest forms of an adverse
employment action: termination of his employment. See Schultz
v. Congregation Shearith Israel, 867 F.3d 298, 305 (2d Cir.
2017).

    To make out a prima facie case of retaliation, the
plaintiff can prove causation simply by showing that the
"protected activity was followed closely in time by adverse
employment action." Vega v. Hempstead Union Free Sch. Dist.,
801 F.3d 72, 90 (2d Cir. 2015) (citation omitted).  Here,
Kalarickal was informed just over a month after he filed his EEO

complaint that his employment with the VA hospital would be terminated.  This is a sufficiently short gap to make out a prima facie retaliation claim.  See id. at 92 (two-month gap between protected activity and adverse employment action was sufficiently small to support retaliation claim).

The defendant nevertheless argues that Kalarickal has failed to provide evidence that his protected activity caused the adverse employment action because the evidence instead shows that his position at the VA hospital was terminated due to his sleeping on the job.  This argument, however, is better addressed to the second and third steps of the McDonnell Douglas framework, which expressly consider the employer's justification for the adverse employment action.  See Zann Kwan, 737 F.3d at 845.

B.   Non-Retaliatory Reason

The defendant has advanced a neutral, non-retaliatory reason for terminating Kalarickal's position with the VA hospital: Kalarickal's supervisor was told that Kalarickal was sleeping on the job.  Stumpo, Kalarickal's supervisor, had learned from nursing staff that Kalarickal had been found sleeping at work on multiple occasions.  After discussing the issue with Dr. Malloy, Stumpo then told Kalarickal that his position at the VA hospital would be terminated.

Kalarickal strongly denies that he was found asleep at work on February 21, 2016; he argues that Campanali would not have been able to see whether he was sleeping based on the configuration of the furniture.  But the success of Kalarickal's retaliation claim does not depend on whether he was actually asleep at work or observed sleeping -- only whether his employer believed him to be sleeping.  What matters is "what <u>motivated</u> the employer; the factual validity of the underlying imputation against the employee is not at issue."  <u>McPherson v. N.Y.C. Dep't of Educ.</u>, 457 F.3d 211, 216 (2d Cir. 2006) (citation omitted).

C.   Pretext

Finally, Kalarickal has failed to provide evidence showing that the VA's justification for firing him was pretextual. Kalarickal argues that Stumpo and Dr. Malloy in fact did not believe he was sleeping, and fabricated the incident in order to have him terminated.  Kalarickal points to no evidence, however, supporting this theory.  Kalarickal identifies several alleged typos or inconsistencies on the dates of certain reports regarding the incident in which he was found sleeping.  But he does not explain why this evidence is material or how it gives rise to an inference of pretext.

Kalarickal also criticizes management for choosing to terminate his employment rather than imposing a lesser sanction.

Kalarickal points to another employee for whom management had recommended verbal counseling.  A plaintiff bringing a Title VII claim can support an inference of discrimination by pointing to a comparator lacking the plaintiff's protected characteristic, but otherwise "similarly situated in all material respects," who was treated better than the plaintiff.  See Lizardo v. Denny's, Inc., 270 F.3d 94, 101 (2d Cir. 2001).  Kalarickal does not contend, however, that this employee was founding sleeping on the job.  Additionally, Kalarickal provides no information, about relevant characteristics of this employee, previous employment or disciplinary history of the employee, or management's ultimate response.  This incident therefore does not provide a relevant comparator.

Kalarickal next suggests that the VA's purported justification for firing him should not be believed because Stumpo had previously stated in a letter to Kalarickal that his position was being terminated due to budget cuts.  In certain circumstances, an employer's "shifting and . . . inconsistent explanations" for an adverse employment action can support a claim of retaliation.  Zann Kwan, 737 F.3d at 846.  Here, however, Stumpo has explained -- and Kalarickal has not contested -- that Stumpo drafted the letter at Kalarickal's request in order to help him find future employment.  The VA

explained to Kalarickal before the letter that his position was being terminated because he was found sleeping on the job, and the defendant has consistently maintained that position before the EEOC and this Court.  Neither Stumpo's letter of reference for Kalarickal, nor any other evidence that Kalarickal has identified, raises a dispute of material fact with respect to pretext.

Finally, Kalarickal complains that he was the victim of an assault and a theft during his final days of work at the VA, and that management's failure to respond appropriately to these incidents supports an inference that the reason given by management for the termination of his employment was pretextual. Dr. Malloy did not handle the response to either incident, and there is no basis to infer therefore that Dr. Malloy's termination decision was pretextual.  Summary judgment must therefore be granted to the defendant.

## Conclusion

Kalarickal's May 9, 2022 motion for summary judgment is denied.  The defendant's May 6, 2022 motion for summary judgment

is granted.  The Clerk of Court shall enter judgment for the

defendant and close the case.

Dated:      New York, New York
            June 24, 2022


                                   _____
                                         DENISE COTE
                                   United States District Judge